Michael Zoldan; AZ Bar No. 028128
Amanda Kuklinski; AZ Bar No. 035676
**ZOLDAN LAW GROUP, PLLC**
14500 N. Northsight Blvd., Suite 133
Scottsdale, AZ 85260
Tel & Fax: 480.442.3410
mzoldan@zoldangroup.com
akuklinski@zoldangroup.com

Attorneys for Plaintiff
Keytonn Alonso

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| **Keytonn Alonso**, a California resident;<br><br>Plaintiff,<br><br>v.<br><br>**KDM Technology Services, LLC,** an Arizona company; **Mandy Riechel,** an Arizona resident; and **Douglas Riechel**, an Arizona resident;<br><br>Defendants. | Case No.<br><br>**VERIFIED COMPLAINT**<br><br>**(Jury Trial Requested)** |

Plaintiff Keytonn Alonso, for his Verified Complaint against Defendants KDM Technology Services, LLC, Mandy Riechel, and Douglas Riechel, hereby allege as follows:

## NATURE OF THE CASE

1. Plaintiff brings this action against Defendants for their unlawful failure to pay minimum wage in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (hereinafter "**FLSA**"); A.R.S. §§ 23-362 - 23-364 ("**Arizona Minimum Wage Statute**"); and failure to make timely payment of wages and commission under A.R.S. §§ 23-351, 23-

353, and 23-355 ("**Arizona Wage Statute**").

2. This action is also brought to recover minimum wage compensation, liquidated damages, and statutory penalties resulting from Defendants' violations of the FLSA and Arizona Minimum Wage Statute.

3. This action is also brought to recover unpaid wages, treble damages, and statutory penalties resulting from Defendants' violations of the Arizona Wage Statute.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter and the parties hereto pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

5. Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c) because all or a substantial part of the acts or omissions giving rise to the claims occurred in the state of Arizona. Plaintiff was employed by Defendants in this District.

## PARTIES

6. Plaintiff is a current resident of California.

7. At all relevant times to the matters alleged herein, Plaintiff resided in the District of Arizona.

8. Plaintiff was a full-time employee of Defendants from on or around June 6, 2019 through October 2019.

9. At all relevant times, Plaintiff was an employee of KDM Technology Services, LLC as defined by 29 U.S.C. § 203(e)(1), A.R.S. § 23-362(A), and A.R.S. § 23-350(2).

10. Defendants Mandy Riechel and Douglas Riechel are the owners of KDM Technology Services, LLC.

11. Defendant Mandy Riechel is an Arizona resident.

12. Defendant Douglas Riechel is an Arizona resident.

13. Defendants Mandy Riechel and Douglas Riechel have directly caused events to take place giving rise to this action.

14. Defendants Mandy Riechel and Douglas Riechel are managers of KDM Technology Services, LLC.

15. Defendants Mandy Riechel and Douglas Riechel have been at all relevant times Plaintiff's employer as defined by 29 U.S.C. § 203(d), A.R.S. § 23-362(A), and A.R.S. § 23-350(3).

16. The FLSA defines "employer" as any individual who acts directly or indirectly in the interest of an employer in relation to an employee.

17. Defendants Mandy Riechel and Douglas Riechel had the authority to hire and fire Plaintiff.

18. Defendant Mandy Riechel hired Plaintiff.

19. Defendants Mandy Riechel and Douglas Riechel supervised and controlled KDM Technology Services, LLC employees' work schedules and/or the conditions of their employment.

20. Defendants Mandy Riechel and Douglas Riechel supervised and controlled Plaintiff's work schedules and/or the conditions of Plaintiff's employment.

21. Defendants Mandy Riechel and Douglas Riechel determined the rate and method of KDM Technology Services, LLC employees' payment of wages.

22. Defendants Mandy Riechel and Douglas Riechel determined the rate and method of Plaintiff's payment of wages.

23. Defendants Mandy Riechel and Douglas Riechel maintained employment records in connection with KDM Technology Services, LLC employees' employment.

24. Defendants Mandy Riechel and Douglas Riechel maintained employment records in connection with Plaintiff's employment.

25. As a person who acted in the interest of the previously identified corporate entity in relation to the company's employees, Defendants Mandy Riechel and Douglas Riechel are subject to individual and personal liability under the FLSA.

26. Plaintiff further informed, believes, and thereon alleges that each of the Defendants herein gave consent to, ratified, and authorized the acts of all other Defendants, as alleged herein.

27. Defendants are sued in both their individual and corporate capacities.

28. Defendants are jointly and severally liable for the injuries and damages sustained by Plaintiff.

29. Plaintiff, in his work for Defendants, was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000.

30. At all relevant times, Plaintiff, in his work for Defendants, was engaged in commerce or the production of goods for commerce.

31. At all relevant times, Plaintiff, in his work for Defendants, was engaged in interstate commerce.

**FACTUAL ALLEGATIONS**

32. Defendant KDM Technology Services, LLC provides technical services to the fiber optics industry, contracting with internet providers to provide high-speed internet to customer homes or businesses.

33. On or around June 6, 2019, Plaintiff commenced employment with Defendants as a fiber splicer.

34. Plaintiff's primary job duties included splicing fiber optic cables to connect customers to high speed internet.

35. From approximately June 6, 2019 until October 2019, Plaintiff was a non-exempt employee.

36. Defendants agreed to pay Plaintiff a salary rate of $3,000 per week.

37. Throughout Plaintiff's employment, Defendants paid him erratically, not on a scheduled day, often in partial amounts, and often late.

38. Plaintiff estimates that Defendants failed to pay him any wages for nine weeks of his employment and paid him partial wages for an additional two weeks.

39. Through his employment, Plaintiff estimates that Defendants failed to pay him a total of approximately $30,000 of his regular weekly salary.

40. Defendants agreed to pay Plaintiff a commission of $250 for jobs under $5,000 and $500 for jobs $5,000 or more.

41. From June 6, 2019 through October 2019, Defendants failed to pay Plaintiff commission for 23 completed jobs $5,000 or more and 9 completed jobs under $5,000, for a total unpaid commission of $13,750.

42. Additionally, Defendants promised to reimburse Plaintiff for out-of-pocket expenses related to his employment, including gas and service for the company vehicle, but failed to do so.

43. These unreimbursed expenses totaled $735.59.

44. Defendants also agreed to pay for the first two months of Plaintiff's hotel

stay during his employment and failed to pay for the second month, totaling $970 in unreimbursed living expenses.

45. Defendants refused and/or failed to properly disclose or apprise Plaintiff of his rights under the FLSA.

46. Defendants failed to post and keep posted in a conspicuous place the required poster / notice explaining their employee's rights under the FLSA pursuant to 29 C.F.R. § 516.4.

47. Defendants' failure and/or refusal to compensate Plaintiff at the rates and amounts required by the FLSA were willful.

## COUNT I
## (FAILURE TO PAY MINIMUM WAGE – FLSA – 29 U.S.C. § 206)

48. Plaintiff incorporates by reference all of the above allegations as though fully set forth herein.

49. At all relevant times, Plaintiff was employed by Defendants within the meaning of the FLSA.

50. Plaintiff was an employee entitled to the statutorily mandated minimum wage.

51. Defendants failed to pay Plaintiff any wages for approximately nine weeks of his employment with Defendant therefore failed to pay him the minimum wage during these time periods.

52. Defendants have intentionally failed and/or refused to pay Plaintiff minimum wage according to the provisions of the FLSA.

53. As a direct result of Defendants' violations of the FLSA, Plaintiff has suffered damages by not receiving full compensation in accordance with 29 U.S.C.§ 206.

54. In addition to the amount of unpaid minimum wages owed to Plaintiff, he is entitled to recover an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b).

55. Defendants' actions in failing to compensate Plaintiff, in violation of the FLSA, were willful.

56. Defendants knew Plaintiff was not being compensated full minimum wages for time worked.

57. Defendants knew their failure to pay minimum wage was a violation of the FLSA.

58. Defendants have not made a good faith effort to comply with the FLSA.

59. Plaintiffs are also entitled to an award of attorneys' fees and other statutory damages pursuant to 29 U.S.C. § 216(b).

## COUNT II
## (FAILURE TO PAY MINIMUM WAGE – ARIZONA MINIMUM WAGE STATUTE)

60. Plaintiff incorporates by reference all of the above allegations as though fully set forth herein.

61. At all relevant times, Plaintiff was employed by Defendants within the meaning of the Arizona Minimum Wage Statute.

62. Defendants failed to pay Plaintiff any wages for approximately nine weeks of his employment with Defendant therefore failed to pay him the minimum wage during these time periods.

63. Defendants intentionally failed and/or refused to pay Plaintiff full minimum wages according to the provisions of the Arizona Minimum Wage State.

64. In addition to the amount of unpaid minimum wage owed to Plaintiff, he is entitled to recover an additional amount equal to twice the underpaid wages and interest pursuant to A.R.S. § 23-364(g).

65. Plaintiff is also entitled to an award of attorneys' fees and costs pursuant to A.R.S. § 23-364(g).

## COUNT III
### (FAILURE TO TIMELY PAY WAGES DUE – ARIZONA WAGE STATUE)

66. Plaintiff incorporates by reference all of the above allegations as though fully set forth herein.

67. At all relevant times, Plaintiff has been employed by Defendants within the meaning of the Arizona Wage Statute.

68. Defendants were aware of their obligation to pay timely wages pursuant to A.R.S. § 23-351.

69. Defendants were aware that, under A.R.S. § 23-353, they were obligated to pay all wages due to Plaintiff.

70. "Wages" include all nondiscretionary compensation due to an employee in exchange for labor or services, including commission payments. A.R.S. § 23-350.

71. Defendants have willfully failed and refused to timely pay wages, including commission, living expenses, and out-of-pocket expenses due to Plaintiff.

72. As a result of Defendants' unlawful acts, Plaintiff is entitled to the statutory remedies provided pursuant to A.R.S. § 23-355.

## CONCLUSION AND PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays:

A. For the Court to declare and find that the Defendants committed the

following acts:

    i. violated minimum wage provisions of the FLSA, 29 U.S.C. § 206, by failing to pay minimum wages;

    ii. willfully violated minimum wage provisions of the FLSA, 29 U.S.C. § 206, by failing to pay minimum wages;

    iii. violated minimum wage provisions of the Arizona Minimum Wage Statute, by failing to pay minimum wages;

    iv. willfully violated minimum wage provisions of the Arizona Minimum Wage Statute, by failing to pay minimum wages;

    v. willfully violated wage provisions of the Arizona Wage Statute, A.R.S. §§ 23-351, 23-353, and 23-355, by failing to pay timely wages;

B. For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b), to be determined at trial;

C. For the Court to award interest on all wage compensation due accruing from the date such amounts were due under all causes of action set forth herein;

D. For the Court to award such other monetary such as double or treble damages, injunctive, equitable, and declaratory relief as the Court deems just and proper;

E. For the Court to award Plaintiff reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b) and all other causes of action set forth herein;

F. Any other remedies or judgments deemed just and equitable by this Court

## JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues so triable.

RESPECTFULLY SUBMITTED April 3, 2020.

**ZOLDAN LAW GROUP, PLLC**

By: /s/ Amanda Kuklinski
14500 N. Northsight Blvd. Suite 133
Scottsdale, AZ 85260
Attorneys for Plaintiff Keytonn Alonso

## **VERIFICATION**

Plaintiff Keytonn Alonso declares under penalty of perjury that he has read the foregoing Verified Complaint and is familiar with the contents thereof. The matters asserted therein are true and based on his personal knowledge, except as to those matters stated upon information and belief, and as to those matters, he believes them to be true.

_____
Keytonn Alonso